(76 South. 1)

BIRMINGHAM RY., LIGHT & POWER CO. v. BEAL. (6 Div. 533.)

(Supreme Court of Alabama. May 17, 1917.)

CARRIERS ⬅320(21) — INJURIES TO PASSENGERS—NEGLIGENCE—EVIDENCE.

Evidence that an auto truck had broken down across the street car track, that a passenger saw it when a great distance away, that the

motorman made no effort to slacken his speed, and that a collision occurred injuring plaintiff, is sufficient to make a jury question on the negligence of the carrier.

. [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1323.]

Appeal from Circuit Court, Jefferson County; E. C. Crow, Judge.

Action by Emma Beal against the Birmingham Railway, Light & Power ¡Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, for appellant. H. J. Martin and Erle Pettus, both of Birmingham, for appellee.

McCLELLAN, J. The appellee, the plaintiff, recovered a judgment against the defendant (appellant) for damages consequent upon her injury while a passenger upon the defendant's street car. The injury occurred at night. An auto truck became disabled and stopped on the defendant's railway, which was laid in and flush with the surface of a public street. The case was submitted to the jury on the issues made by the averments of counts charging simple negligence and wanton or willful misconduct, respectively. The sole contention for error is that the defendant was erroneously denied the general affirmative charge requested by it against a recovery on the count charging the more aggravated wrong. The evidence has been carefully scrutinized; and the court entertains no doubt that the stated question was due, under the evidence, to be submitted to the jury for decision, requiring the refusal of the charge so requested. There was evidence from which the jury was authorized to infer that the truck was seen by the motorman on the track some distance ahead; that the headlight on the street car shone upon the track and the truck's operative, who was standing thereon undertaking to signal the motorman to stop the car before a collision occurred; and that the car's movement was not even retarded until very near the truck, notwithstanding a passenger who saw ˙that the impact was impending had time to leave the front platform, where the motorman was, and go inside the car and make some exclamations before the collision took place. The explanation or defense offered was that the rays of the front light on an automobile near the track ahead blinded, or interfered with, the motorman's view of the disabled truck, which was beyond (from him) the light reflected by the other auto's front lights. Whether this was true was manifestly a question for the jury's decision, especially since there was evidence tending to show the superior intensity of the headlight on the street car as well as evidence, negatively though it was in recital, tending to show

that no other auto was about that place on this occasion.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.